IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:25-cv-907 |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| MILLER'S GRILL, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices because of sex and to provide appropriate relief to Charging Party Lisa Kelley. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Defendant Miller's Grill, Inc. violated Title VII when its owner, Larry Miller, subjected Kelley to a sexually hostile work environment and subjected her to discriminatory terms and conditions of employment because of her sex and / or in retaliation for her opposition to Miller's harassment.

### JURISDICTION AND VENUE

1. The Court has jurisdiction under 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division.

## PARTIES

3.Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3).

4.At all relevant times, Defendant, Miller's Grill, Inc., has continuously been a Missouri corporation doing business in the State of Missouri and the City of Washington, and has continuously had at least 15 employees.

5.At all relevant times, Defendant has been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7.More than thirty days prior to the institution of this lawsuit, Kelley filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant.

8. On September 21, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 19, 2024, the Commission issued to Defendant a Notice of Conciliation Failure advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Larry Miller is an owner of Miller's Grill, a restaurant with multiple locations, including one in Washington, Missouri.

14. In or around April or May 2015, Miller hired Lisa Kelley to work as a server at the Miller's Grill in Washington, Missouri.

15. In late 2015, Kelley began performing some managerial duties for Miller's Grill.

16. In early 2016, Kelley was promoted to manager, though her server duties continued.

17. As a manager, Kelley ran the front-of-house, back-of-house, cleaned up, cooked, hosted, performed bartending, did end of day financials, performed closing in the evenings/late night, took inventory and covered shifts for missing servers.

18. Miller told Kelley that she would receive a salary for working as a manager, but he never paid her a salary.

19. After Kelley became a manager, Miller hired Jason Thompson to also work as a manager.

20. Miller did most of the staff scheduling himself.

21. After Thompson was hired, some days Kelley was paid as a manager and some days she was paid as a server.

22. When Kelley worked as a bartender, Miller's Grill did not pay Kelley an increased bartender hourly rate for those shifts.

23. In or around Fall 2015, Miller began sexually harassing Kelley.

24. Miller made lewd and sexual comments toward Kelley and in front of her, asked her for sex, frequently screamed and yelled at her, exploded in angry outbursts toward her, and loudly criticized her performance, including in front of customers and other employees.

25. On multiple occasions, Miller grabbed Kelley around the waist and touched her buttocks. He frequently brushed up against her body with his body.

26. Miller commented that Kelley's breasts looked "good" and speculated in front of others that she had a "boob job".

27. Miller told Kelley he should fire her so she could go out with him and that he "want[ed] to smack that ass."

28. On more than one occasion Miller followed Kelley into the women's bathroom when she tried to get away from him.

29. On at least one occasion, Miller texted Kelley asking her to go out with him late at night.

30. Miller's conduct toward Kelley often occurred after he had been drinking.

31. Kelley occasionally asked someone to walk with her to her car after she closed the restaurant to deter Miller from accosting her.

32. Kelley tried to ignore Miller's behavior as much as possible because she needed the job.

33. When Kelley ignored Miller or refused his advances, he became increasingly irate and sent her to work in the kitchen rather than as a server.

34. Miller did not yell at Thompson or other male employees in the manner he yelled at Kelley, nor did he follow them to the bathroom.

35. On several occasions, Miller told Kelley he was demoting her to a server and said Thompson would do all the manager's duties, but then later he would re-promote her back to manager.

36. By the end of 2016 or early 2017, Miller's harassment of Kelley occurred almost every shift she worked, which was five or six days a week.

5

37. In late summer of 2017, Kelley began looking for other work. There were no open restaurant jobs in the area, so she worked briefly at a manufacturing facility.

38. When Kelley started working at the plant, Miller took her off the schedule at Miller's Grill, even though Kelley had planned to continue working both jobs and communicated her availability to Thompson and wrote her availability in the "off" book in the restaurant office.

39. Miller told Kelley he wanted to meet with her personally regarding her schedule, which she refused to do because of his harassment.

40. In text messages, Thompson told Kelley he was surprised Miller removed her from the schedule.

41. Miller never told Kelley she was discharged, but he effectively terminated her employment by removing her from the schedule in or around October or November 2017.

## STATEMENT OF CLAIMS

### COUNT I
### SEX DISCRIMINATION – HOSTILE WORK ENVIRONMENT

42. Paragraphs 1 through 41 are incorporated by reference as if fully set forth herein.

43. Since at least April 2017, Defendant engaged in unlawful employment practices at its restaurant in Washington, Missouri in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), when it subjected Kelley to a hostile work environment based on sex.

44. The effect of the practices complained of in paragraphs 13 through 41 above has been to deprive Kelley of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

45. The unlawful employment practices complained of in paragraphs 13 through 41 above were intentional.

46. The unlawful employment practices complained of in paragraphs 13 through 41 above were done with malice or with reckless indifference to Kelley's federally protected rights.

47. As a direct and proximate result of Defendant's unlawful conduct, Kelley suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

## COUNT II
## SEX DISCRIMINATION – TERMS AND CONDITIONS OF EMPLOYMENT

48. Paragraphs 1 through 47 are incorporated by reference as if fully set forth herein.

49. Since at least April 2017, Defendant engaged in unlawful employment practices at its restaurant in Washington, Missouri in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), when it subjected Kelley to discriminatory terms and conditions of employment because of her sex.

50. The effect of the practices complained of above has been to deprive Kelley of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

51. The unlawful employment practices complained of in paragraphs 13 through 41 above were intentional.

52. The unlawful employment practices complained of in paragraphs 13 through 41 above were done with malice or with reckless indifference to Kelley's federally protected rights.

53. As a direct and proximate result of Defendant's unlawful conduct, Kelley suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

## COUNT III
## RETALIATION – TERMS AND CONDITIONS OF EMPLOYMENT

54. Paragraphs 1 through 53 are incorporated by reference as if fully set forth herein.

55. Since at least April 2017, Defendant engaged in unlawful employment practices at its restaurant in Washington, Missouri in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) when it subjected Kelley to discriminatory terms and conditions of employment in retaliation for her opposition to sex discrimination.

56.     The effect of the practices complained of above has been to deprive Kelley of equal employment opportunities and otherwise adversely affect her status as an employee in retaliation for her opposition to sex discrimination.

57.     The unlawful employment practices complained of in paragraphs 13 through 41 above were intentional.

58.     The unlawful employment practices complained of in paragraphs 13 through 41 above were done with malice or with reckless indifference to Kelley's federally protected rights.

59.     As a direct and proximate result of Defendant's unlawful conduct, Kelley suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

## **PRAYER FOR RELIEF**

The Commission respectfully requests that the Court:

A.      Grant a permanent injunction enjoining Defendant Miller's Grill, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from subjecting employees to a hostile work environment because of sex.

B.      Grant a permanent injunction enjoining Defendant Miller's Grill, its officers, agents, servants, employees, attorneys, and all persons in active concert or

participation with it, from subjecting employees to discriminatory terms and conditions of employment because of sex.

    C.    Grant a permanent injunction enjoining Defendant Miller's Grill, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from subjecting employees to discriminatory terms and conditions of employment in retaliation for their opposition to sex discrimination.

    D.    Order Defendant Miller's Grill to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

    E.    Order Defendant Miller's Grill to make Kelley whole by providing appropriate backpay and lost benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    F.    Order Defendant Miller's Grill to make Kelley whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including transportation costs for job searches and other expenses, in amounts to be determined at trial.

    G.    Order Defendant Miller's Grill to make Kelley whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional distress, pain and suffering, anxiety, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

H. Order Defendant Miller's Grill to pay punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

ANDREW B. ROGERS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*s/ Andrea G. Baran*
ANDREA G. BARAN, 46520 (MO)
Regional Attorney
JOSHUA M. PIERSON, 65105 (MO)
Assistant Regional Attorney
Kansas City Area Office
400 State Ave., Ste. 905
Kansas City, KS 66101
Phone: (913) 359-1807
Email: andrea.baran@eeoc.gov
         joshua.pierson@eeoc.gov