**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Cause No.:    4:25-cv-00907 |
| vs. | ) ) ) | |
| MILLER'S GRILL, INC. | ) ) | |
| Defendant. | ) | |

### DEFENDANT MILLER'S GRILL, INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW Defendant Miller's Grill, Inc. ("Defendant"), by and through its attorneys, Sean D. Brinker and Zick, Voss, Politte, Richardson & Brinker, P.C., and hereby submits the following Memorandum of Law in Support of its Motion to Dismiss.

### INTRODUCTION

Even the Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") must comply with the well-settled pleading requirements in Federal Court. Plaintiff's Complaint entirely fails to state a claim under Title VII because Plaintiff has failed to show a timely charge was filed and Plaintiff fails to specifically allege conduct that would put Defendant on notice of the charge against it.

For these and the foregoing reasons, Plaintiff fails to state a claim against Defendant, and Plaintiff's Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS[1]

Defendant is a Missouri Corporation, which does business in the City of Washington. Doc. 1 at 2, ¶ 4. Defendant, at all relevant time, is an employer under Title VII. Doc. 1 at 2, ¶ 5. Lisa Kelley was hired by Defendant in April or May of 2015 to be a server. Doc 1 at 3, ¶ 14. At various times, Kelley performed additional duties, and was compensated for such. Doc 1 at 3-4, ¶¶ 15, 21.

The EEOC alleges that sometime in 2015, Larry Miller, owner of Defendant, started sexually harassing Kelley. Doc 1 at 4, ¶ 23. The alleged harassment included comments, asking for sex, criticism, texts, and touching her waist and buttocks. Doc 1 at 4-6. After Kelley ignored advances, Defendant allegedly demoted her. Doc 1 at 5, ¶ 35. Kelley began working a new job in the summer of 2017. Doc 1 at 6, ¶¶ 37-38. Kelley was never told she was discharged, but was removed from the work schedule. Doc 1 at 6, ¶ 41.

## LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint and should be granted if the complaint does not contain enough facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). Determining whether a complaint plausibly states a claim for relief requires the court to "draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Although the court must accept the plaintiff's allegations as true and draw all reasonable inferences in favor of the non-moving party, a complaint must be dismissed if the factual allegations do not show "more than a 'mere possibility'" of liability for a defendant. Cole v. Homier Distributing Co., Inc.,

---

[1] Defendant herein merely provides the facts as stated by Plaintiff. Defendant does not admit to any of Plaintiff's allegations. Cole v. Homier Distributing Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679) (allegations in a plaintiff's petition are accepted as true at the motion to dismiss stage).

2

599 F.3d 856, 861 (8th Cir. 2010) (quoting Iqbal, 556 U.S. at 679).  A "formulaic recitation" of the elements of a claim is insufficient.  Winco Window Co., Inc. v. G & S Glass & Supply, Inc., No. 4:15-CV-309, 2015 WL 3604072, at *2 (E.D. Mo. June 5, 2015) (citing Twombly, 550 U.S. at 555).  Any conclusory statements are not entitled to be presumed true. Iqbal, 556 U.S. at 678. In evaluating a motion to dismiss, a court only considers the "materials necessarily embraced by the pleadings and exhibits attached to the complaint." K.T. v. Culver-Stockton Coll., 865 F.3d 1054, 1057 (8th Cir. 2017).

## ARGUMENT

Plaintiff's Complaint fails to state a claim for two reasons.  First, Plaintiff has failed to plead that a charge was filed against Defendant within the necessary time frame required by 42 U.S.C. § 2000e-5.  The proper and timely filing of a charge is necessary, and a failure to do so would render the claim time-barred.  Second, even if timely filed, Plaintiff's Complaint still fails to state a claim upon which relief can be granted.  Plaintiff's Complaint is entirely devoid of specific conduct and allegations and does not include the charge, and as a result fails to provide Defendant sufficient notice.  Thus, the Complaint fails to state a claim and should be dismissed under Fed. R. Civ. P. 12(b)(6).

**I.  Plaintiff's Complaint fails to plead a timely charge was filed.**

An EEOC charge for employment discrimination must be filed within 180 days of the alleged unlawful employment practice, or within 300 days if the charge was originally filed with a state or local agency.  42 U.S.C. § 2000e-5(e).  The charge filing requirement is a claims processing rule. E.E.O.C. v. 1618 Concepts, Inc., 432 F.Supp.3d 595 (N.C.M.D. 2020).

Plaintiff's Complaint states that "More than 30 days prior to the institution of this lawsuit, Kelley filed a Charge of Discrimination with the Commission alleging violations of Title

3

VII by Defendant. Doc 1 at 2, ¶ 7. Plaintiff does not state the date of that filing, or whether it was timely pursuant to Section 2000e-5. Plaintiff's Complaint states allegations of Title VII violations between 2015 and 2017, and that on September 23, 2023, a Letter of Determination was issued to Defendant. Doc 1 at 3, ¶¶ 8-11. Plaintiff does not provide any factual detail for what occured between 2017 and 2023. The approximately six (6) years between the allegation of violation and the Letter of Determination is well beyond the normal statutory timeline of charges filed under Title VII.[2] It is, in fact, over 1,500 days longer than the timeline stated in Section 2000e.

Despite Plaintiff's failure to provide the date of the charge, it conclusively states that "All conditions precedent to the institution of this lawsuit have been fulfilled." Doc 1 at 3, ¶ 12. This Court cannot simply fill in the blanks and supply any missing factual allegations to "round out a plaintiff's complaint." Whitney v. New Mexico, 113 F.3d 1170-1173-74 (10th Cir. 1997). This conclusory allegation cannot move the complaint across the line from conceivable to plausible, as required by Fed. R. Civ. P. 8. See Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff's Complaint fails to state a necessary condition to the filing of this lawsuit: a timely charge filed by Kelley. E.E.O.C. v. 1618 Concepts, Inc, 432 F.Supp.3d 595 (N.C.M.D. 2020) (applying Rule 12(b)(6) to the requirement of filing a timely charge); Oswaldo Argueta v. Fred Smith Co., 2019 WL 6337426 (N.C.E.D. 2019); Fort Bend County, Texas v. Davis, 587 U.S. 541 (2019). As a result, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

---

[2] A charge is to be filed within 180 or 300 days. 42 U.S.C. § 2000e-5(e). Then, as far as practicable, the EEOC's determination is to be made within 120 days from the filing of the charge, for a total of 420 days from the incident to the determination. The Letter of Determination here was issued 2,090 days after December 31, 2017.

## II.    Plaintiff's Complaint fails to meet the pleading standard of Fed. R. Civ. P. 8.

Plaintiff's complaint must be sufficiently detailed to give Defendant fair notice of what the claim is and on what grounds it rests. Id. It must state a claim that is at least plausible on its face. Id. at 555. Plaintiff must be sufficiently precise to identify parties and to describe generally the action or practices complained about. Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005); 29 C.F.R. § 1601.12(b)).

Although the parties are precisely named, Defendant does not have fair notice of Plaintiff's claim in regard to the actions or practices which are alleged. Plaintiff provides a two (2) year range of time in which the vague allegations may have occurred. How can Defendant be expected to have notice of the claims in Plaintiff's Complaint when Defendant is not provided with the date on which even one (1) of the allegations happened?

Worse yet, each of Plaintiff's three (3) counts state general allegations that Defendant's conduct was (a) unlawful; (b) intentional; and (c) malicious or reckless. Doc 1 at 6-9. Nowhere does Plaintiff provide facts to support its conclusory allegations.[3] For instance, what did Mr. Miller state that was sexually suggestive? What criticism was provided by Defendant? When did the alleged retaliatory conduct occur? Pleading facts in support of these basic questions – necessary elements of Plaintiff's claims – are necessary to give Defendant notice and satisfy Rule 8's pleading requirements.

---

[3] Specifically, as related to retaliation, Plaintiff's Complaint itself states that Kelley got a job and was never told her employment with Defendant was terminated. Months or even years may have passed between an event of alleged conduct and Kelley obtaining new employment. Defendant cannot be on fair notice of retaliation without knowing the time in which the retaliatory conduct occurred.

5

It is clear that Plaintiff's Complaint does not put Defendant on fair notice of the claims against it.  Without a more specific description of the conduct, and the dates on which this alleged conduct occurred, Plaintiff's Complaint is not plausible on its face.

Plaintiff's Complaint fails to properly state a claim under Fed. R. Civ. P. 8, and should therefore be dismissed.

## CONCLUSION

Plaintiff's Complaint fails to provide allegations that (a) meet the necessary condition precedent of a timely charge under 42 U.S.C. § 2000e-5; and (b) provide Defendant with notice of the specific charge against it.  Therefore, the Court should dismiss Plaintiff's Petition with prejudice under Fed. R. Civ. P. 12(b)(6).

Dated: December 2, 2025.

Respectfully submitted,

ZICK, VOSS, POLITTE, RICHARDSON & BRINKER
A Professional Corporation

By: _____
Sean D. Brinker, MBE #67404
Tyler J. Miller, MBE #76705
438 West Front Street
P.O. Box 2114
Washington, MO  63090
Phone (636)239-1616
Fax (636)239-5161
sdb@zvplaw.com

*Attorney for Defendant*

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2025, the foregoing was submitted electronically for filing through this Court's CM/ECF system to be served by operation of the Court's electronic filing system upon all counsel of record.

_____

Tyler J. Miller

W:\L-M-N-O-P\MILLER\LARRY\Discrimination Claim\Memo - MTD.docx

7