UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 4:25-cv-00907-PLC |
| v. | ) ) | |
| MILLER'S GRILL, INC., | ) ) | |
| Defendant. | ) | |

**Memorandum in Opposition to Motion to Dismiss**

Plaintiff EEOC does not have to affirmatively plead that the underlying Title VII Charge of Discrimination filed by Lisa Kelley with the EEOC was timely, though it was. Furthermore, the Complaint contains more than enough factual detail about the claims alleged by the EEOC to satisfy the pleading demands of Rule 8 as interpreted by the Supreme Court. The Court should therefore deny Defendant's Motion to Dismiss.

## I.    Legal Standard for a Rule 12(b)(6) Motion to Dismiss

To survive dismissal under Rule 12(b)(6), a complaint must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A court "must take all of the factual allegations in the complaint as true" when addressing a motion to

dismiss. *Id.* (citing *Twombly*, 550 U.S. at 555). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

"[T]he Federal Rules do not contain a heightened pleading standard for employment discrimination suits." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); *see also Twombly*, 550 U.S. at 569-70 (reaffirming the *Swierkiewicz* holding). For this reason, "a complaint in an employment discrimination lawsuit [need not] contain specific facts establishing a prima facie case of discrimination." *Id.* at 508 (referring to the "prima facie case" step in the summary judgment framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Instead, as in all cases, an employment discrimination complaint "must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 508 (quoting Fed. R. Civ. P. 8(a)(2)).

## II.    Argument

Miller's Grill makes two arguments why the Complaint should be dismissed. First, the company argues "Plaintiff has failed to show a timely charge [of discrimination] was filed" with the EEOC. Doc. 21 at p.1.  But the lack of a timely-filed charge of discrimination is an affirmative defense (failure to exhaust administrative remedies) that must be raised and proved by a defendant, not a pleading requirement for plaintiffs. Regardless, as Miller's Grill knows, Kelley's Charge of Discrimination was timely. Second, the company argues "Plaintiff fails to

specifically allege conduct that would put Defendant on notice of the charge against it." Doc. 21 at p. 1. But the Complaint contains more than enough factual detail to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### A. Failure to exhaust administrative prerequisites is an affirmative defense, not a pleading requirement.

Miller's Grill mistakes its burden of proof on an affirmative defense for a pleading requirement. "[F]ailure to exhaust administrative remedies is an affirmative defense that a defendant must prove[.]" *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007) (holding that "the district court improperly dismissed [plaintiff's] Title VII claim for failure to plead sufficiently she had exhausted her administrative remedies"). There is no requirement for a plaintiff to attach the charge of discrimination to its complaint. *Id.* This is because "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). "[I]n general, a defendant cannot render a complaint defective by pleading an affirmative defense, and so the possible existence of a limitations defense 'is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.'" *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 943 (8th Cir. 2021) (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008)). But here, the EEOC did plead it satisfied its administrative prerequisites to suit. Doc. 1 at ¶¶ 7-12.

Were there any doubt, the Charge of Discrimination is attached here.[1]

Exhibit A. "In order to exhaust administrative remedies, a claimant must file a

timely charge of discrimination with the EEOC. In Missouri, this obligation must be

discharged within 300 days of the [unlawful employment practice claimed]." *Brooks*

*v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (citations omitted);

42 U.S.C. 2000e-5(e). Lisa Kelley filed her Charge of Discrimination on January 29,

2018, meaning that 300 days prior was April 4, 2017. Kelley's Charge of

Discrimination describes a continuous[2] series of harassing acts and differential

treatment beginning in approximately September 2015 and continuing through the

termination of Kelley's employment on or about November 2, 2017. Exhibit A at p.

1. Kelley alleged this was due to her sex and in retaliation for denying Miller's

sexual harassment. Exhibit A at p. 2. Among the sexually harassing acts described

in the Charge of Discrimination are:

> On August 2, 2017, the Owner [Larry Miller] invited me to a late
> (2AM) dinner with him privately at the restaurant. Since that time, he
> continued to make sexual comments. After I declined that invitation,

---

[1] "In addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b), the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record." *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (quotation marks and citation omitted). "[A]n EEOC charge [of discrimination] is a part of the public record and may be considered on a motion to dismiss." *Id.*

[2] Timeliness of a sexual harassment claim is measured by the *last* date of harassment: "A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.' . . . Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (quoting 42 U.S.C. § 2000e–5(e)(1)).

my position changed for the second time, the first being March 2016. My hours were shortened. His comments continued to include, "I really should fire you so you'll go out with me," "I just want to smack that ass," he sent me a message telling me he couldn't quit thinking about me, and asked me directly in the presence of others if I had a "boob job because they always look so perky."

Exhibit A at p. 1; *see also* Doc. 1, at ¶¶ 13-41 (alleging same). These harassing acts clearly occurred within the 300-day period before Kelley's Charge of Discrimination.

Finally, Miller's Grill makes passing reference in a footnote to a 120-day time period described in Title VII. It is not clear from the motion whether Defendant intends to raise this time period as an affirmative defense; but if it does, but no such defense is available. The pertinent portion of the statute states: "The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge . . . ." 42 U.S.C. § 2000e-5(e). The Eighth Circuit has held that this language is a recommendation, not a mandate, and "demonstrates that Congress did not set specific administrative deadlines." *Tuft v. McDonnell Douglas Corp.*, 517 F.2d 1301, 1307 (8th Cir. 1975). Furthermore, the U.S. Supreme Court has held that "no section of the Act explicitly requires the EEOC to conclude its conciliation efforts and bring an enforcement suit within any maximum period of time." *Occidental Life Ins. Co. of California v. E.E.O.C.*, 432 U.S. 355, 360 (1977).

### B. The Complaint contains sufficient factual matter to state a claim to relief that is plausible on its face.

The Complaint clearly identifies the claims asserted against Miller's Grill. The EEOC alleges that Miller's Grill subjected its employee, Lisa Kelley, to a sexually hostile work environment (Count I), to discriminatory terms and conditions

of employment because of her sex (Count II), and to discriminatory terms and conditions of employment in retaliation for her opposition to sex discrimination (Count III). Doc. 1 at ¶¶ 42-59. Miller's Grill points to the three pages of the Complaint containing the three counts (pages 6-9) and argues, "Nowhere does Plaintiff provide facts to support its conclusory allegations." Doc. 21 at p. 5. But the company ignores the three preceding pages of the Complaint (pages 3-6), which contains a 29-paragraph "Statement of Facts" to support the three counts.

In its "Statement of Facts," the Complaint provides factual allegations to support all three claims, including the following. The owner of Miller's Grill, Larry Miller, hired Kelley in 2015 as a server, promoted her to a manager in 2016, and also had her work as a bartender. Doc. 1 at ¶¶ 13-17. Starting in the fall of 2015, Miller began sexually harassing Kelly at work by making lewd and sexual comments toward and in front of her, asking her for sex, frequently screaming and yelling at her, exploding in angry outbursts toward her, loudly criticizing her performance in front of customers and other employees, grabbing her around the waist, touching her buttocks, frequently brushing up against her body with his body, telling her that her breasts looked good, speculating in front of others that she had had a "boob job," telling her that he "want[ed] to smack that ass," followed her into the women's bathroom on more than one occasion when she tried to get away from him, and texted her late at night to ask her to go out with him. Doc. 1 at ¶¶ 23-29. This sexual harassment of Kelley by Miller continued through 2016 and into 2017. Doc. 1 at ¶¶ 36. Kelley tried to ignore Miller's behavior as much as possible

Page **6** of **9**

because she needed the job. Doc. 1 at ¶ 32. But when Kelley ignored Miller or refused his advances, he because increasingly irate and sent her to work in the kitchen rather than as a server. Doc. 1 at ¶ 33. Miller did not yell at other male employees in the manner he yelled at Kelley, nor did he follow male employees into the bathroom. Doc. 1 at ¶ 34. Later in 2017, when Kelley picked up a second job at a manufacturing facility, Miller took her completely off the schedule even though she had written her availability in the "off" book in the restaurant office. Doc. 1 at ¶¶ 37-38. Instead of referencing Kelley's availability in the "off" book to put her on the schedule, Miller told Kelley he wanted to meet with her personally to discuss her schedule, which she refused to do because of his harassment of her. Doc. 1 at ¶ 39. Miller never told Kelley she was discharged, but he effectively terminated her employment by removing her from the schedule in or around October or November 2017. Doc. 1 at ¶ 41.

These factual allegations, which must be assumed to be true at this stage of the proceedings, are more than sufficient to infer that Defendant is liable for sexual harassment, sex discrimination, and retaliation. *See Iqbal*, 556 U.S. at 678-79. The facts articulated in the Complaint demonstrate that Miller's treatment of Kelley was unwelcome, based on Kelley's sex, and sufficiently severe or pervasive that a reasonable person in her position would find her work environment to be hostile or abusive. *See* Eighth Circuit Model Civil Jury Instruction 8.41 ELEMENTS OF CLAIM: HARASSMENT (By Supervisor With No Tangible Employment Action). Similarly, the facts suggest that Miller's differential treatment of Kelley, compared

to his treatment of male employees, was motivated either because of her sex or because of her refusal of his advances (or both). *See* Eighth Circuit Model Civil Jury Instruction 5.40 ELEMENTS OF [TITLE VII] CLAIM; and 10.41 ELEMENTS OF CLAIM: RETALIATION FOR OPPOSITION TO HARASSMENT OR DISCRIMINATION. Although Miller's Grill vaguely suggests the EEOC has failed to provide factual support for "necessary elements of Plaintiff's claims," it has not identified which elements, if any, lack factual support. *See* Doc 21 at p. 5.[3]

Finally, Miller's Grill argues that "Plaintiff's Complaint fails to include the charge or any other exhibits to provide a description of the conduct in the workplace that is alleged to have occurred." Doc. 20 at p. 1. But it provides no support for the proposition that a Complaint must include the charge or "other exhibits." Moreover, Miller's Grill does not claim it *never received* Kelley's Charge of Discrimination; the company merely complains that the EEOC did not attach it to the Complaint. As noted above, the Eighth Circuit does not recognize any requirement to attach a charge of discrimination to a complaint. *Miles*, 481 F.3d at 1107.

---

[3] In its memorandum, Miller's Grill poses three rhetorical questions it says are unanswered by the Complaint. Doc. 21 at p. 5. Miller's Grill is incorrect because these questions can all be answered by reference to the Statement of Facts, paragraphs 13-41, in the Complaint. Question 1: "[W]hat did Mr. Miller state that was sexually suggestive. Answer to 1: See paragraphs 24, 26, 27, and 29 of the Complaint. Question 2: "What criticism was provided by Defendant?" Answer to 2: See paragraphs 24, 33, and 35 of the Complaint. Question 3: "When did the alleged retaliatory conduct occur?" Answer to 3: See paragraphs 23, 36, 37, and 41.

### III.    Conclusion

The EEOC's Complaint against Miller's Grill states claims to relief that are plausible on its face, and those claims are based on a timely-filed Charge of Discrimination. Accordingly, Defendant's Motion to Dismiss should be denied.

Respectfully submitted by:

*/s/Luke R. Hertenstein*
Luke R. Hertenstein 23809KS
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Kansas City Area Office
400 State Avenue, Suite 905
Kansas City, KS 66101
Phone: (913) 359-1812
Email: luke.hertenstein@eeoc.gov
*Attorneys for Plaintiff*

### Certificate of Service

I certify that, on December 16, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record for all parties.

*/s/ Luke R. Hertenstein*
Luke R. Hertenstein 23809KS