**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY ) 
COMMISSION, )
 )
           Plaintiff, )          Cause No.:    4:25-cv-00907
 )
vs. )
 )
MILLER'S GRILL, INC. )
 )
           Defendant. )

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW Defendant Miller's Grill, Inc. ("Defendant"), by and through its attorneys, Sean D. Brinker and Zick, Voss, Politte, Richardson & Brinker, P.C., and hereby submits the following Reply in Support of Defendant's Motion to Dismiss.

Plaintiff filed this suit over 2,500 days after an alleged violation under Title VII, containing bare, conclusory allegations of compliance with 42 U.S C. § 2000e-5. Further, Plaintiff's Complaint lacks sufficient factual allegations to provide Defendant sufficient notice of the nearly eight (8) year old allegations. As a result of these deficiencies, the Complaint fails to state a claim and should be dismissed under Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### I.    Plaintiff cannot avoid the requirements of 42 U.S.C. § 2000e-5.

Although not a jurisdictional issue, compliance with the charge filing requirements is considered a claims processing rule. Fort Bend County, Texas v. Davis, 587 U.S. 541 (2019). A court must enforce a claims processing rule if properly raised by a party. Id. at 548-49.

If Defendant had not raised the issues of Plaintiff's compliance with 42 U.S.C. § 2000e-5, these issues could easily be waived or forfeited. Id. It is mandatory that Plaintiff comply with these claims processing rules, and a court must enforce same.

Defendant would be left with no mechanism to gauge Plaintiff's compliance with these time limits absent filing a motion to dismiss. Arguably, discovery could reveal such defects, but Defendant runs the risk of waiving its claims if not addressed at the first opportunity. The Complaint, as written and for which Plaintiff is standing on rather than amending, does not show compliance with the claims processing rule.

Allowing Plaintiff to proceed with a Complaint that fails to plead compliance with Title VII's charge filing requirements would effectively nullify the claims processing rule framework recognized in Fort Bend. While such requirements may be waivable if not raised, that principle would seemingly require Defendant to have a fair opportunity to identify and assert the defense. Where, as here, the Complaint itself is silent as to critical dates necessary to evaluate timeliness, Defendant is placed in an untenable position: either raise the issue immediately based on the face of the pleadings or risk forfeiture by waiting for discovery. Such gamesmanship attempts to shift the burden of pleading compliance on the Defendant through omission.

Contrary to Plaintiff's contention, there are insufficient allegations to establish: (a) a continuous series of sexual harassment; and (b) the timely filing of a charge of discrimination. In fact, based on the allegations of Plaintiff's Complaint, the charge was untimely. The alleged acts, pursuant to Plaintiff's Complaint, began in 2015, which is well over 300 days before the filing of the charge in January 2018. Doc. 1 at ¶ 23. Plaintiff further alleges that harassment occurred in late 2016 or early 2017. Doc. 1 at ¶ 36. This allegation does not state that the conduct occurred

within 300 days of the filing of the charge in January 2018.[1]  Plaintiff's 29 paragraph "Statement of Facts" provides no dates which would evidence that alleged sexual harassment occurred within 300 days of filing the charge.  The only allegations which occurred within the 300-day window are allegations related to Kelley finding new employment, including that Kelley was never formally discharged from employment with Defendant.  Doc. 1 at ¶¶ 37-41.  These allegations are insufficient to state a proper claim under Iqbal.  Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Plaintiff next asserts that the timing of conciliation efforts is not a defense.  Though, pursuant to Title VII, the 120 recommendation is merely that, a recommendation, the timing of Plaintiff's Complaint certainly could be barred by laches.  In fact, District Courts have barred similarly timed Complaints based on laches.  See EEOC v. Star Tool and Die Works, Inc., 699 F.Supp. 120 (E.D. Mich. 1987); EEOC v. Alioto Fish Co., Ltd., 623 F.2d 86 (9th Cir. 1980).

## II.    Plaintiff's Complaint fails to meet necessary pleading standards.

Although Plaintiff's allegations must be assumed to be true at this stage of the proceedings, it does not excuse Plaintiff from providing a claim that is at least plausible on its face, and sufficiently precise to describe the action or practices which are complained about.  Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005).  Plaintiff is adamant that its 29 paragraph "Statement of Facts" supports its three counts.

Not only does the Complaint lack an adequate description of the practices complained about, but Plaintiff also pleads facts which are contradictory to its count for retaliation.  The pleading must give Defendant reasonable notice, and this Complaint fails to satisfy that threshold.

First, Plaintiff's 29 paragraph "Statement of Facts" makes allegations about certain events, including outbursts, grabbing, and texting.  See Doc. 25 at 6.  Yet, these facts still contain no

---

[1] The charge was filed on January 29, 2018.  300 days earlier would be April 4, 2017.  Plaintiff's Complaint states that alleged harassment occurred in late 2016 or early 2017, which is likely to fall outside of the 300-day window.

description of when in the span of three (3) years they allegedly occurred. Plaintiff expects Defendant to be able to answer these factual allegations without any allegation regarding the dates when any alleged events occurred. It is not only impractical, but clearly cannot support a plausible action, especially one governed by strict time limitations for filing such claims.

Further still, Plaintiff includes in its Complaint an allegation that Kelley was terminated from employment by Defendant. Doc. 1 at ¶ 41. Yet, Plaintiff admits that Kelley was never formally discharged, but voluntarily obtained new employment at a manufacturing facility. Doc. 1 at ¶¶ 37-41. Plaintiff's allegations are contradictory to the point that they do not support a plausible claim for retaliation.

Plaintiff relies on its 29 paragraph "Statement of Facts" to properly state a claim against Defendant. Yet, Plaintiff's "Statement of Facts" gives Defendant little factual information to put Defendant or this Court on notice of the action or practices which are complained about. Without providing facts that at least make Plaintiff's Complaint plausible on its face, Plaintiff's Complaint should be dismissed.

## CONCLUSION

For these reasons and those set forth in Defendant's previously filed Motion to Dismiss and Memorandum of Law in Support of Defendant's Motion to Dismiss, which is expressly incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c), Defendant respectfully requests this Court dismiss Plaintiff's Petition with prejudice.

*[Remainder of page left blank intentionally.]*

4

Dated: December 26, 2025.

Respectfully submitted,

ZICK, VOSS, POLITTE, RICHARDSON & BRINKER
A Professional Corporation

By: _____

Sean D. Brinker, MBE #67404
Tyler J. Miller, MBE #76705
438 West Front Street
P.O. Box 2114
Washington, MO  63090
Phone (636)239-1616
Fax (636)239-5161
sdb@zvplaw.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2025, the foregoing was submitted electronically for filing through this Court's CM/ECF system to be served by operation of the Court's electronic filing system upon all counsel of record.

_____

Tyler J. Miller

W:\L-M-N-O-P\MILLER\LARRY\Discrimination Claim\Reply Memo - MTD.docx

5