UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:25-CV-907 PLC |
| MILLER'S GRILL, INC., | ) ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

This matter is before the Court on Defendant Miller's Grill, Inc.'s Motion to Dismiss the complaint of Plaintiff Equal Employment Opportunity Commission (EEOC) pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted. [ECF No. 20] Defendant contends the complaint should be dismissed for failing to allege facts sufficient to demonstrate the exhaustion of administrative remedies or to give Defendant fair notice of the claims being brought and the grounds on which they rest. [ECF Nos. 20 & 21] Plaintiff opposes Defendant's motion. [ECF No. 25]

I.      Background

Larry Miller is the owner of Defendant Miller's Grill, a restaurant with multiple locations. [ECF No. 1, ¶ 13] In April or May of 2015, Miller hired Lisa Kelley, the charging party, as a server at Miller's Grill in Washington, Missouri. [Id. at ¶ 14] In late 2015, Kelley began performing some managerial duties for Defendant. [Id. at ¶ 15] In early 2016, Miller promoted Kelley to manager though her server duties continued. [Id. at ¶ 16] Miller subsequently hired another person, Jason Thompson, to also work as a manager. [Id. at ¶ 19] Miller did not provide Kelley with a salary for

1

working as a manager, despite telling her he would do so. [*Id.* at ¶ 18] Some days Miller paid Kelley as a manager and other days as a server. [*Id.* at ¶ 21] Miller also did not pay Kelley an increased bartender hourly rate when she worked as a bartender. [*Id.* at ¶ 22]

Plaintiff alleges Miller began sexually harassing Kelley in the fall of 2015. [*Id.* at ¶ 23] Specifically, Miller "made lewd and sexual comments toward Kelley and in front of her, asked her for sex, frequently screamed and yelled at her, exploded in angry outbursts toward her, and loudly criticized her performance, including in front of customers and other employees." [*Id.* at ¶ 24] Miller "grabbed Kelley around the waist and touched her buttocks" on multiple occasions and "frequently brushed up against her body with his body." [*Id.* at ¶ 25] Miller commented that Kelley's breasts looked "good" and speculated in front of others that she had a "boob job." [*Id.* at ¶ 26] Miller told Kelley he should fire her so she could go out with him and that he "want[ed] to smack that ass." [*Id.* at ¶ 27] On more than one occasion, Miller followed Kelley into the women's bathroom "when she tried to get away from him." [*Id.* at ¶ 28] Miller texted Kelley asking her to go out with him on at least one occasion. [*Id.* at ¶ 29] Kelley occasionally asked someone to walk her to her car after closing to deter Miller from accosting her. [*Id.* at ¶ 31] Kelley tried to ignore Miller's behavior but when she ignored him or refused his advances, Miller became increasingly irate and sent her to work in the kitchen rather than as a server. [*Id.* at ¶ 33] On several occasions, Miller told Kelley he was demoting her to a server but later would re-promote her back to manager. [*Id.* at ¶ 35] Miller did not yell at Thompson or other male employees in the manner he yelled at Kelley, nor did he follow them into the bathroom. [*Id.* at ¶ 34]

Plaintiff alleges that, by the end of 2016 or early 2017, "Miller's harassment of Kelley occurred almost every shift she worked, which was five or six days a week." [*Id.* at ¶ 36] In late summer 2017, Kelley began looking for other work and briefly worked at a manufacturing facility.

2

[*Id.* at ¶ 37] Miller took Kelley off the schedule, despite Kelley communicating her continued availability. [*Id.* at ¶ 38] Miller told Kelley he wanted to meet with her personally regarding her schedule, which she refused to do because of Miller's harassment. [*Id.* at ¶ 39] Plaintiff alleges "Miller never told Kelley she was discharged, but he effectively terminated her employment by removing her from the schedule in or around October or November 2017." [*Id.* at ¶ 41]

On September 21, 2023, Plaintiff issued a Letter of Determination to Defendant finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to participate "in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief." [*Id.* at ¶ 8] On September 19, 2024, Plaintiff "issued to Defendant a Notice of Conciliation Failure advising Defendant that the Commission was unable to secure" an acceptable conciliation agreement. [*Id.* at ¶¶ 10-11]

In June 2025, Plaintiff [1] filed a complaint for employment discrimination against Defendant under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.*, and Title I of the Civil Rights Act of 1991 (Title I), 42 U.S.C. § 1981a, *et seq*. [ECF No. 1] Plaintiff alleged Kelley filed a Charge of Discrimination with it "[m]ore than thirty days prior to the institution" of the lawsuit. [2] [ECF No. 1, ¶ 7] Plaintiff alleged "[a]ll conditions precedent to the institution of this lawsuit have been fulfilled." [ECF No. 1 , ¶ 12]  In the complaint, Plaintiff brings claims of sex discrimination, both for hostile work environment (Count I) and in the terms and conditions of employment (Count II), and retaliation (Count III) based on Miller's conduct. [ECF No. 1]

---

[1] The EEOC is the agency charged with administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII. 42 U.S.C. §2000e-5(f)(1) and (3).

[2] Section 706(f)(1) provides the EEOC may not bring suit to compel compliance with Title VII until at least 30 days after the charge has been filed. 42 U.S.C. §20003-5(f)(1); *Occidental Life Ins Co. of California v. EEOC*, 432 U.S. 355, 360 (1977).

Defendant moves to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). [ECF Nos. 20 & 21] Defendant argues Plaintiff's complaint should be dismissed for failing to exhaust administrative remedies because Plaintiff did not "prove [Kelley] followed the necessary claims processing rule of filing a timely charge" by failing to plead that a Charge of Discrimination (Charge) was filed within the statutory time frame. [ECF Nos. 20 & 21] Alternatively, Defendant contends the complaint should be dismissed because Plaintiff failed to allege sufficient facts to give Defendant fair notice of the claims and the grounds on which they rest. [ECF Nos. 20 & 21] Specifically, Defendant asserts it does not have notice of the claims being brought because Plaintiff alleges only "vague" and "conclusory" allegations without specific dates or details regarding the alleged discriminatory conduct. [ECF Nos. 20 & 21]

Plaintiff opposes Defendant's motion contending that exhaustion of administrative remedies through a timely-filed Charge is an affirmative defense that must be raised and proven by Defendant, not a pleading requirement for Plaintiff. [ECF No. 25] Plaintiff further asserts Kelley timely filed her Charge against Defendant on January 29, 2018, and that the Charge sets forth a continuous series of harassing acts and differential treatment from September 2015 through her effective termination in November 2017. [ECF No. 25] Plaintiff attached a copy of the Charge Plaintiff filed with the Missouri Commission on Human Rights and the EEOC to its response. [ECF No. 25-1] Plaintiff further contends the complaint clearly identifies the claims against Defendant and pleads sufficient facts to support the claims. [ECF No. 25]

In reply, Defendant acknowledges that the filing of a timely Charge is not jurisdictional and complains that Defendant was left in the "untenable position" of raising the issue on the face of the complaint or risking forfeiture. [ECF No. 26] Defendant also argues, for the first time, that: (1) the January 2018 Charge is untimely because the alleged acts of discrimination fall outside of

4

the 300-day statutory filing period and Plaintiff did not allege sufficient facts demonstrating a continuous series of sexual harassment, and (2) Plaintiff's complaint should be barred by laches because the conciliatory efforts were not completed within 120 days as recommended by Title VII.[3] [ECF No. 26]

## II.    Legal Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(b). The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The complaint must give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Warmington v. Board of Regents of University of Minnesota*, 998 F.3d 789, 795 (8th Cir. 2021)(quoting *Ring v. First Interstate Mortg., Inc.*, 984 F.2d 924, 928 (8th Cir. 1993)).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2006)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When considering a motion to dismiss for failure to state a claim, the court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor. *Id.*   Dismissal

---

[3] 42 U.S.C. §2000e-5(e) states that "The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge.…" This time window is a recommendation and not mandatory. *Tuft v. McDonnell Dougles Corp.*, 517 F. 2d 1301, 1307 (8th Cir. 1975); *Occidental Life Ins Co. of California*, 432 U.S. at 361.

is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### III.    Discussion

#### A.  Exhaustion of Administrative Remedies

Defendant moves to dismiss Plaintiff's complaint for failing to exhaust administrative remedies because Plaintiff did not "prove [Kelley] followed the necessary claims processing rule of filing a timely charge" by failing "to plead that a charge was filed against Defendant within the time frame required by 42 U.S.C. §2000e-5." [ECF Nos. 20 & 21] Exhaustion of administrative remedies is a condition precedent to the filing of an action under Title VII. *See* 42 U.S.C. §2000e-5; *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011). Exhaustion requires the charging party to timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge. *See* 42 U.S.C. §2000e-5(b), (e), (f)(1).

The failure to exhaust administrative remedies, however, is an affirmative defense that a defendant must prove. *Miles v. Bellfontaine Habilitation Center,* 481 F.3d 1106, 1107 (8th Cir. 2007); *Kirklin v. Joshen Paper & Packaging of Arkansas Co.*, 911 F.3d 530, 534 (8th Cir. 2018). "[I]n general, a defendant cannot render a complaint defective by pleading an affirmative defense, and so the possible existence of a limitations defense, 'is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.'" *Weatherly v. Ford Motor Company*, 994 F. 3d 940, 943 (8th Cir. 2021).

Here, Plaintiff alleged Kelley filed a Charge alleging violations of Title VII with Plaintiff, that Plaintiff attempted conciliation, and that "[a]ll conditions precedent to the institution of this lawsuit have been fulfilled." [ECF No. 1] Because exhaustion of administrative remedies is an

affirmative defense, Plaintiff sufficiently plead that the administrative prerequisites to suit were fulfilled.

Further, upon Defendant's motion, Plaintiff filed a copy of Kelley's Charge demonstrating that it was filed on January 29, 2018.   An aggrieved party must file a charge of discrimination no more than 300 days after the alleged unlawful employment action.[4] 42 U.S.C. §2000e-5(e)(1).    Typically, only those allegedly unlawful employment acts occurring within 300 days of the filing, in this case on or after April 4, 2017, would be subject to administrative exhaustion through the Charge and all alleged acts of discrimination that occurred prior to that date would be time-barred. U.S.C. § 2000e-5(e)(1).

Plaintiff's complaint, however, includes a claim for hostile work environment which is the exception to the bar on the consideration of discriminatory actions that occur outside the statutory period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115-17 (2002). For hostile work environment claims, the entire time period of the hostile environment may be considered for determining liability as long as one act contributing to the claim occurs within the filing period. *Id.* at 117.   Here, Plaintiff's complaint describes a series of allegedly harassing conduct and differential treatment beginning in the fall of 2015 and continuing through November 2, 2017.[5] [ECF No. 1]

Thus, Defendant has not proven that Kelley failed to exhaust her administrative remedies prior to Plaintiff filing suit. The Court declines to consider Defendant's arguments raised for the

---

[4] An aggrieved party must file an EEOC complaint within 180 days following the alleged unlawful employment action, but the filing deadline is extended to 300 days in cases where the employee first initiates proceedings with a state or local agency. 42 U.S.C. §2000e-5(e). The parties agree that the 300-day deadline applies here.
[5] The Charge also alleges continuing acts of harassment from September 2015 through November 2017. [ECF No. 25-1]

first time in its reply regarding: (1) whether Plaintiff alleged sufficient allegations to establish a continuous series of sexual harassment, and (2) the application of laches because the conciliatory efforts were not completed within 120 days as recommended by the statute. *See Jones v. City of St. Louis*, No. 4:19-cv-02583, 599 F. Supp. 3d 806, 822 (E.D. Mo. Apr. 22, 2022) (declining to consider argument raised for the first time in a reply brief); *Crawford v. Gramex Corp.*, 208 F. 3d 217 (8th Cir. 2000) (per curiam).

   B. Sufficiency of the Pleadings

Defendant contends the complaint should be dismissed because Plaintiff failed to allege sufficient facts to provide Defendant fair notice of the claims and the grounds on which they rest. [ECF Nos. 20 & 21] Specifically, Defendant asserts it does not have notice of the claims being brought because Plaintiff alleged only "vague" and "conclusory" allegations without specific dates or details regarding the alleged wrongful conduct. [ECF Nos. 20 & 21] Plaintiff counters that the complaint clearly identifies the claims against Defendant and pleads sufficient facts to support the claims. [ECF No. 25]

   Plaintiff's complaint brings three claims: (1) Defendant subjected Kelley to a sexually hostile work environment (Count I), (2) discriminatory terms and conditions of employment due to her sex (Count II), and (3) discriminatory terms and conditions of her employment in retaliation for her opposition to sex discrimination (Count III). [ECF No. 1] The complaint also details Miller's alleged discriminatory conduct including, making lewd and sexual comments toward and in front of Kelley; requesting sex from Kelley; angry outbursts, screaming, and yelling directed at Kelley; loudly criticizing Kelley's performance in front of customers and other employees; grabbing Kelley around the waist and touching her buttocks; frequently brushing up against Kelley's body; telling Kelley her breasts looked "good" and speculating in front of others that she

had a "boob job;" telling Kelley he wanted to "smack that ass;" following Kelley into the women's bathroom; and texting Kelley to ask her out. [*Id.* at ¶¶ 24-29] Plaintiff alleges Miller became irate and sent Kelley to work in the kitchen rather than as a server when she ignored or refused Miller's advances. [*Id.* at ¶¶ 32-33] On several occasions, Miller demoted and then re-promoted Kelley. [*Id.* at ¶ 35] Plaintiff alleged Miller did not yell at male employees or follow them into the bathroom. [*Id.* at ¶ 34] Plaintiff further alleged that Miller limited Kelley's hours after she took a second job, eventually removing her from the schedule completely, when she refused to meet with Miller due to his harassment. [*Id.* at ¶¶ 38-41] Defendant's assertion that these allegations are too vague to provide notice of the claims or to state a claim is without merit. Because the complaint alleges sufficient facts to provide Defendant fair notice of Plaintiff's claims and the grounds upon which they rest, the Court denies Defendant's motion to dismiss.

## IV.   Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [ECF No. 20] is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of April, 2026

9